FILED

2014 MAY 12  PM 5: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JP MORGAN CHASE BANK N.A.,

        Plaintiff,

    vs.

LETRICIA FORT AKA LETICIA FORT, MARIANNE AGUILAR, AND DOES 1 TO 6, INCLUSIVE,

        Defendants.

Case No. EDCV 14-0898-UA (DUTYx)

ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION

Elvenia Bratton ("Applicant") lodged a pro se Notice of Removal of State Court Action ("Notice of Removal") herein on May 5, 2014. Applicant also filed a request to proceed without prepayment of full filing fee ("IFP Request") on May 5, 2014.

After careful review and consideration of the allegations of the Notice of Removal, and pursuant to 28 U.S.C. Section 1915, the Court finds that the Applicant's allegations are frivolous and are not sufficient to state any claim as presently plead in the Notice of Removal.

The Court has screened the Notice of Removal prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state

1

1  a claim on which relief may be granted; or seeks monetary relief against a party who
2  is immune from such relief.

3          In addition, the Court's screening of the Notice of Removal is governed by the
4  following standards. A complaint may be dismissed as a matter of law for failure to
5  state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2)
6  insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police
7  Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Since the Applicant is appearing pro se, the
8  Court must construe the allegations of the Notice of Removal liberally and must
9  afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police
10 Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether the
11 Notice of Removal states a claim on which relief may be granted, the Court must take
12 its allegations of material fact as true and must construe them in the light most
13 favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir.
14 1989). However, as the Supreme Court has held: "a [party's] obligation to provide
15 the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions,
16 and a formulaic recitation of the elements of a cause of action will not do. . . . Factual
17 allegations must be enough to raise a right to relief above the speculative level." Bell
18 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929
19 (2007) (internal citations omitted).

20         As the Supreme Court has explained, to conform with the pleading
21 requirements of Fed. R. Civ. P. 8, "a complaint must contain sufficient factual matter,
22 accepted as true, to 'state a claim to relief that is plausible on its face'" (Ashcroft v.
23 Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), quoting
24 Twombly 550 U.S. at 570), and "threadbare recitals of the elements of a cause of
25 action, supported by mere conclusory statements, do not suffice." (Id., citing
26 Twombly, 550 U.S. at 555). In elaborating on the requirements of Rule 8 that a
27 complaint must state sufficient facts to support a plausible (rather than a merely
28 possible) cause of action, the Iqbal Court stated that "[W]here the well-pleaded facts

2

1   do not permit the court to infer more than the mere possibility of misconduct, the
2   complaint has alleged - but it has not 'show[n]'- 'that the pleader is entitled to relief'"
3   (Iqbal, 556 U.S. at 678, citing to Fed. R. Civ. P. 8(a)(2).)

4         Here, the underlying state action is a straight-forward unlawful detainer action,
5   and therefore does not present a federal question. Even assuming that the defendants
6   in that action intended to assert a federal defense to the state law claim, such action
7   does not convert it to "arising under" federal law for purposes of federal question
8   jurisdiction (see More-Thomas v. Alaska Airlines, Inc., 553 F.3d 1244 (9th Cir.
9   2009)).

10        The Court further notes that the Applicant is not named as a defendant (or in
11  any capacity) in the underlying unlawful detainer action he seeks to remove.
12  Applicant alleges to be a tenant of the subject property and has filed a Claim of Right
13  to Possession in state court. Pursuant to 28 U.S.C. § 1446(a) "[a] defendant or
14  defendants desiring to remove any civil action or criminal prosecution from a State
15  court shall file in the district court of the United States for the district and division
16  within which such action is pending a notice of removal signed pursuant to Rule 11
17  of the Federal Rules of Civil Procedure and containing a short and plain statement of
18  the grounds for removal, together with a copy of all process, pleadings, and orders
19  served upon such defendant or defendants in such action." As Applicant is not a
20  defendant in the action he seeks to remove - or even a party - there is no basis for
21  such removal.

22        For these reasons, defendant's IFP Request is DENIED.

23        IT IS ORDERED that (1) this matter be REMANDED to the Superior Court
24  of California, San Bernardino County, 8303 Haven Avenue, Rancho Cucamonga, CA
25  91703, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1446(a); (2) that
26  / / /
27  / / /
28  / / /

3

1  the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk

2  serve copies of this Order on the parties.

3    IT IS SO ORDERED.

4

5

6  DATED: _____ 5/9/14 _____

7            GEORGE H. KING
          CHIEF UNITED STATES DISTRICT JUDGE

8

9  Presented by:

10

11

12  David T. Bristow
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4